UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20402-CR-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VINCENT JONES,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant (DE# 70, 4/14/08) and Defendant's Motion to Suppress Evidence Seized Pursuant to an Involuntary Consent to Search (DE# 79, 4/16/08).  This motion was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida.  Having held a hearing on April 22, 2008 and carefully considered the defendant's motions, the court file, and applicable law, the undersigned respectfully recommends that Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant (DE# 70, 4/14/08) and Defendant's Motion to Suppress Evidence Seized Pursuant to an Involuntary Consent to Search (DE# 79, 4/16/08) be **DENIED**.

**BACKGROUND**

On December 19, 2006, the government submitted an application and affidavit for a search warrant for 1135 N.W. 1st Court, Apartment A, Miami, Florida 33136 (hereinafter "Apartment A") which was subsequently signed by Magistrate Judge Bandstra.[1] The affidavit, sworn to by DEA Special Agent Michael J. Torbert, Jr., relied on information provided by a Miami Police Department Detective, acting in an undercover capacity (hereinafter "UC"). The affidavit indicated that on December 15, 2006, the UC engaged in a controlled narcotics purchase at Apartment A. According to the affidavit:

> The UC made contact with JAMES LEWIS ("LEWIS")[2] in front of [the apartment building] and the two walked into A[partment] A. Immediately thereafter, the UC gave LEWIS $500.00 for crack cocaine. The UC next observed LEWIS walk into a back bedroom of Apartment A and retrieve a clear plastic bag containing ten (10) smaller blue plastic bags, each of which contained what appeared to be crack cocaine.

See Affidavit at ¶ 4.

On December 20, 2006, law enforcement officers searched Apartment A pursuant to the search warrant and seized three firearms, rounds of ammunition, marijuana, heroin, tablets of ecstacy, crack cocaine, a drug ledger and other items alleged to be related to drug trafficking.

On April 14, 2008 and April 16, 2008, the defendant filed the instant motions to suppress arguing that evidence seized from the December 20, 2006 search of

---

[1] The government also obtained a search warrant for 1137 N.W. 1st Court, Apartment B, Miami, Florida 33136 (hereinafter Apartment "B"), located in the same building.

[2] James Lewis is not a defendant in the instant case.

Apartment A should be suppressed. See Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant (DE# 70, 4/14/08) and Defendant's Motion to Suppress Evidence Seized Pursuant to an Involuntary Consent to Search (DE# 79, 4/16/08). In support of these motions, the defendant argues that: (1) the search warrant affidavit did not establish probable cause at the time it was presented to the magistrate judge; (2) that under the Franks test, the search warrant included false statements made knowingly or with reckless disregard for the truth and (3) material facts were intentionally omitted from the search warrant affidavit, such that had they been included they would have resulted in there being no probable cause to issue the search warrant. Id.[3]

The government responded to the instant motions on April 18, 2008. See Government's Omnibus Response to Defendant's Motions to Suppress Physical Evidence (DE# 86, 4/18/08). The defendant filed his reply on April 19, 2008. See Defendant's Reply to Government's Omnibus Response to Defendant's Motions to Suppress Physical Evidence (DE# 87, 4/19/08).

On April 22, 2008, the undersigned heard oral argument on the merits of the instant motions and on whether the defendant established entitlement to an evidentiary hearing under Franks v. Delaware, 438 U.S. 154, 155 (1978).

---

[3] In Defendant's Motion to Suppress Evidence Seized Pursuant to an Involuntary Consent to Search (DE# 79, 4/16/08), the defendant raised additional arguments concerning the defendant's involuntary consent to search a safe located in Apartment A. At the April 22, 2008 hearing, the defendant agreed that the consent issue is relevant only if the undersigned determines that the search was not conducted pursuant to a valid search warrant.

## ANALYSIS

### A. The Defendant Is Not Entitled to a Franks Hearing

The defendant argues that he is entitled to an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). "Under Franks, a defendant may challenge the veracity of an affidavit in support of a search warrant if he makes a 'substantial preliminary showing' that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to the finding of probable cause." United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006) citing Franks, 438 U.S. at 155-56. The defendant has the burden to present:

> [a] challenge under Franks [that is]:(1) more than conclusory; (2) contain allegations of deliberate falsehood or of reckless disregard for the truth; (3) be accompanied by an offer of proof; (4) specify the portion of the warrant affidavit that is claimed to be false; and (5) be accompanied by a statement of supporting reasons.

U.S. v. Williams, 146 Fed. Appx. 425, 430-31 (11th Cir. 2005).

The defendant alleges that the affidavit in support of the search warrant included a false statement, or a statement made with reckless disregard for the truth, and omitted relevant information. According to the defendant, had the misstatement been excluded and the omissions included in the affidavit the magistrate judge would not have had probable cause to issue the search warrant. See Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant (DE# 70 at 15, 4/14/08).

The statement in question is contained in paragraph 4 of the affidavit sworn to by

DEA Special Agent Torbert. It states as follows: "[t]he UC next observed LEWIS walk into a back bedroom of Apartment A and retrieve a clear plastic bag containing ten (10) smaller blue plastic bags, each of which contained what appeared to be crack cocaine." However, in an investigative report, the UC (a Miami Police Department Detective) stated that Mr. Lewis "walked out of [the UC's] view. He then returned and handed [the UC] 10 clear blue tinted baggies of suspected rock cocaine. . . ." See Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant (DE# 70 at 10-11, 4/14/08). The defendant argues that the UC could not have seen the defendant retrieve the plastic bag from the bedroom. According to the defendant, "[i]t is not clear whether the cocaine was actually retrieved from somewhere in [Apartment A] . . . it is just as likely that Lewis may have already been in possession of the crack cocaine and went out of [the UC's] view to put the money away" or Mr. Lewis could have obtained the drugs from outside Apartment A. Id. at 11; Defendant's Reply to Government's Omnibus Response to Defendant's Motions to Suppress Physical Evidence (DE# 87 at 9, 4/19/08).

The defendant further argues that the following facts (developed during the investigation leading up to the application for the search warrant) constitute material omissions which were knowingly left out of the search warrant affidavit: (1) Apartment B and another apartment were used for cooking cocaine, whereas Apartment A was used as a residence; (2) law enforcement had conducted eight hand-to-hand undercover transactions, five of which occurred in Apartment B and none occurred in Apartment A; (3) during their surveillance of the area, law enforcement did not see other targets enter Apartment A for the purpose of retrieving crack cocaine to sell to an undercover officer

5

and (4) Apartment B had been referred to as the "target location" during the investigation. See Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant (DE# 70, 4/14/08).

At the hearing on April 22, 2008, the government did not dispute that the omitted information cited by the defendant is truthful but was omitted from the affidavit for Apartment A. According to the government, it omitted information concerning Apartment B because it did not want the defendant to later argue that the probable cause for Apartment A was tainted with allegations corresponding to Apartment B. See United States v. Souza, No. 06-CR-806, 2008 WL 753736 (E.D. N.Y. Mar. 19, 2008)(defendant argued that the trial court should suppress evidence because the government used a single search warrant affidavit to obtain warrants for multiple locations). With respect to the omission that Apartment A was used as a residence by members of this drug operation, the government points out that this information actually weighs in favor of probable cause that drugs would be stored in Apartment A.

The defendant has provided no evidence to establish that the agent deliberately or recklessly submitted a false statement (or statement made in reckless disregard for the truth) or omitted information in an attempt to mislead the issuing magistrate judge. See United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990) (noting that to be entitled to an evidentiary hearing under Franks, the defendant must show (1) that the affiant acted knowingly and intentionally or with reckless disregard for the truth and (2) had the false statement been omitted or had the omission been included it would have prevented a finding of probable cause). The defendant has not made the required showing that the statement in paragraph 4 of the search warrant affidavit is false or was

made in reckless disregard for the truth. The statements in the affidavit and the investigative report can be reconciled such that the statement in the affidavit that "[t]he UC observed LEWIS walk into a back bedroom of Apartment A and retrieve a clear plastic bag containing ten (10) smaller blue plastic bags, each of which contained what appeared to be crack cocaine" is consistent with and more detailed than the statement in the UC's investigative report that Mr. Lewis "walked out of [the UC's] view . . . [and] then returned and handed [the UC] 10 clear blue tinted baggies of suspected rock cocaine. . . ." The defendant has not presented the Court with any evidence that Mr. Lewis either retrieved the drugs from someplace other than the bedroom or had the drugs on his person.[4] United States v. Arbolaez, 450 F.3d 1283 1293 (11th Cir. 2006) (burden is on the defendant to show entitlement to Franks hearing).

The affiant's statement that the UC observed Mr. Lewis walk into a back bedroom is consistent with the statement in the UC's investigative report that Mr. Lewis walked out of view. In the affidavit, the DEA Special Agent states that Mr. Lewis "retrieved" the drugs while the UC's report indicates that Mr. Lewis "returned" with the drugs. The defendant argues that the use of the word "retrieve" was a false representation in the application for the search warrant by the affiant because there was no evidence that the UC observed Mr. Lewis retrieve the drugs while in the bedroom. The contrast of the statement in the affidavit that Mr. Lewis "retrieved" the drugs versus the statement in the report that Mr. Lewis returned with the drugs is

---

[4] The defendant maintains that he would not be able to obtain an affidavit from Mr. Lewis contradicting the statement in paragraph 4 of the affidavit because Mr. Lewis is cooperating with the government.

7

insignificant and immaterial and should not invalidate the search warrant. See Jenkins, 901 F.2d at 1080 (noting that "[i]nsignificant and immaterial misrepresentations or omissions will not invalidate a warrant").

Similarly, the defendant has not shown that the agent recklessly or deliberately omitted information from the search warrant affidavit.[5] The addition of the omitted information to the search warrant application would not have detracted from the probable cause and may very well have strengthened the probable cause stated in the affidavit.

There is no indication that the agent intended to deceive the magistrate judge or displayed a reckless disregard for the truth. As such, a Franks hearing is not warranted.

**B.      Probable Cause**

The defendant argues that there was no probable cause to support the issuance of the search warrant and therefore the evidence seized in Apartment A should be suppressed. "[M]ore information than merely a single, isolated drug sale is needed in an affidavit to establish probable cause." See Defendant's Reply to Government's Omnibus Response to Defendant's Motions to Suppress Physical Evidence (DE# 87 at 4, 4/19/08). In attempting to ensure that search warrant affidavits comply with the Fourth Amendment's prohibition against unreasonable searches and seizures, resulting from warrants issued without probable cause, the issuing magistrate judge is simply to

---

[5] In fact, in a separate affidavit, the government presented the same magistrate judge with an affidavit containing information about the drug trafficking activities that had occurred in Apartment B. The magistrate judge issued both search warrants on the same day. Thus, there is no evidence that the government deliberately withheld information about Apartment B from the magistrate judge in obtaining the search warrant for Apartment A.

8

make a practical common sense decision of whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 236 (1983). This test highlights the traditional deference given to a magistrate judge's determination of probable cause. Gates, 462 U.S. at 236. The essential protection of the warrant requirement is "in requiring that [the usual inferences which reasonable men draw from evidence] be drawn by a neutral and detached magistrate." Johnson v. United States, 333 U.S. 10, 13-14 (1948).

In United States v. Horne, 198 Fed. Appx. 865 (11th Cir. 2006), the Eleventh Circuit held that a single controlled drug purchase by a confidential informant provided probable cause for the issuance of a search warrant. In Horne, "[the defendant] argue[d] that the controlled buy, which [the detective] described in his affidavit, was insufficient to establish probable cause." Id. at 871. The Eleventh Circuit rejected the defendant's argument noting that "'[g]enerally a controlled buy, when executed properly is a reliable indicator as to the presence of illegal drug activity.'" Id. (citing United States v. Sidwell, 440 F.3d 865, 869 (7th Cir. 2006)). "'A common sense view to the realities of normal life,' Wilson v. Attaway, 757 F.2d 1227, 1235 (11th Cir. 1985), leads to the conclusion that a residence contains drugs when a person enters that residence with no drugs and exits approximately one minute later with drugs. . . ." Id. (internal citations and quotation marks omitted). In the instant case, the affidavit attesting to the December 15, 2006 controlled drug purchase by the UC inside Apartment A provided probable cause for the issuance of the search warrant. See United States v. Parker, 789 F.Supp. 27 (D. D.C. 1992) (finding that a single purchase by a confidential

9

informant provided sufficient basis to find probable cause and issue a search warrant).

The defendant also raises the issue of staleness. In <u>United States v. Bervaldi</u>, 226 F.3d 1256, 1264-65 (11th Cir. 2000), the Court explained the standard for evaluating staleness. There is no definitive test as to staleness; instead the Court must determine from the facts of the instant case whether or not the information has become stale. <u>Id.</u> The Court may consider such factors as the length of time between the events that created the probable cause and the issuance of the search warrant but also should consider "the nature of the suspected crime (discrete or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." <u>Id.</u> The basic criterion as to the duration of probable cause is the inherent nature of the crime. <u>United States v. Magluta</u>, 198 F.3d 1265, 1272 (11th Cir. 1999).

Here, law enforcement agents conducted a controlled drug purchase a mere four days prior to submitting the search warrant application. Although the affidavit cites to a single drug transaction that took place in Apartment A, the search warrant was issued after a relatively short period of time given the circumstances of the case and the nature of the crime. This is not a case where the government took weeks or months to obtain a search warrant.

Under the circumstances of the instant case, the affidavit provided the issuing magistrate judge with sufficient reason to believe that contraband or evidence of the crime would be found in Apartment A. The Court finds that the evidence was not stale and that probable cause existed at the time the warrant was issued.[6]

---

[6] The defendant also argues that the search warrant was overly broad in permitting law enforcement to seize guns from Apartment A. <u>See</u> Attachment B to

**C.      Good Faith Reliance on the Search Warrant**

Even if, arguendo, the affidavit lacked probable cause to support the search warrant, the undersigned finds that the evidence should not be suppressed under United States v. Leon, 468 U.S. 897, 919 (1984)). In Leon, the Supreme Court established a good faith exception to the exclusionary rule for searches conducted pursuant to a warrant issued by a neutral and detached magistrate. The Eleventh Circuit noted that "courts generally should not render inadmissable evidence obtained by police officers acting in reliance upon a search warrant that is ultimately found to be unsupported by probable cause." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002) (citing United States v. Leon, 468 U.S. 897, 919 (1984)). Officers do not act in objective good faith however, if the warrant is so overly broad on its face that the executing officers could not reasonably have presumed it to be valid. United States v. Accardo, 749 F.2d 1477, 1481 (11th Cir. 1985). The undersigned finds that the search warrant in this case was not so facially deficient that a police officer would not be expected to reasonably rely on the warrant.

## CONCLUSION

The defendant has failed to make a showing that he is entitled to a Franks hearing.  The defendant has not made a substantial preliminary showing that the search warrant affidavit contains omissions or inconsistencies that were made

---

Affidavit. However, even if this were true, the government would still have been entitled to seize the guns, drug ledger, currency and other items related to drug trafficking under the plain view doctrine so long as the search warrant was supported by probable cause. For the reasons stated above, the undersigned concludes that the search warrant in the instant case was supported by probable cause.

intentionally or with a reckless disregard for the accuracy of the affidavit. The undersigned finds that, based on the totality of the circumstances, there was probable cause to support the issuance of the search warrant for Apartment A. Having determined that there was probable cause to support the issuance of the search warrant, the undersigned does not need to address the consent issue raised in Defendant's Motion to Suppress Evidence Seized Pursuant to an Involuntary Consent to Search (DE# 79, 4/16/08). Even if, arguendo, there was no probable cause to support the search warrant, the undersigned finds that the instant case falls within the good faith exception in Leon.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant (DE# 70, 4/14/08) and Defendant's Motion to Suppress Evidence Seized Pursuant to an Involuntary Consent to Search (DE# 79, 4/16/08) be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and C, the parties may serve and file written objections to this Report and Recommendation with the Honorable Patricia Seitz within ten (10)[7] days of receipt of a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  A failure to file timely objections shall bar the parties from attacking the factual findings made herein.  LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir.

---

[7] This matter is set for trial on Tuesday, April 29, 2008. The parties have indicated that they will file any objections to this report and recommendation prior to the trial of this matter.

12

1988), cert. denied, 488 U.S. 958 (1988).

  RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this **23rd** day of April, 2008.

                _____
                JOHN J. O'SULLIVAN
                UNITED STATES MAGISTRATE JUDGE

Copies provide to:
U.S. District Court Judge Seitz
All Counsel of Record

13