**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 07-20402-CR-SEITZ/O'SULLIVAN**

UNITED STATES OF AMERICA

v.

VINCENT JONES,

Defendant.
_______________________________/

**ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S NOTICE OF RULE 404(b) EVIDENCE**

THIS MATTER is before the Court on the Government's Amended Notice of Rule 404(b) Evidence and supporting memoranda [DE-59] seeking to introduce evidence of Defendant's three prior drug convictions and two prior firearm convictions. Defendant Jones filed a Response in Opposition [DE-68], to which the Government did not reply. Having considered the parties' papers and oral argument, and for the reasons discussed below, the Court will admit evidence of Defendant's 2000 conviction for possession with intent to distribute cocaine, for the purpose of proving the Defendant's knowledge and intent to commit the criminal object of the charged conspiracy. The four remaining convictions shall be excluded as sufficiently dissimilar, remote in time, and unduly prejudicial.

## I. Factual and Procedural Background

According to the Government, from September 8, 2006 until December 15, 2006, undercover DEA agents and Miami Police Department officers made approximately nine undercover buys of crack cocaine from members of a drug trafficking organization at both the upstairs unit of 1135/1137 N.W. 1st Court ("Apartment B"), as well as the adjacent downstairs unit ("Apartment A"). On December 20, 2006, and on the basis of such undercover buys, law enforcement executed two search warrants at Apartment A and Apartment B. Upon entry into Apartment A, officers found James Lewis seated on a couch in the common area and Defendant Jones in a small bedroom. Officers discovered a loaded firearm under the couch cushion on which Lewis was seated, as well as various weaponry scattered around the apartment and inside

a safe found in Defendant's bedroom. No firearms were found in Defendant's room or on his person. The officers also discovered drug paraphernalia in the safe and a drug ledger in Lewis' bedroom. As a result of these discoveries, authorities subsequently arrested both Lewis and Defendant.[1]

The Superseding Indictment [DE-67] charges Defendant with: (1) conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1); (2) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 2); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1)(A)(i). The Government seeks to introduce evidence of Defendant's three prior drug convictions and two prior firearm convictions to prove intent, knowledge, and lack of mistake as to the charged crimes, pursuant to Fed. R. Evid. 404(b). The proposed convictions are addressed in turn.

## II. Defendant's Prior Drug Convictions

Pursuant to Fed. R. Evid. 404(b), the Government seeks to introduce three prior drug convictions entered in 1996, 1998 and 2000.[2] Fed. R. Evid. 404(b) permits introduction of such extrinsic acts to prove a defendant's knowledge, intent, or the absence of mistake, to engage in the charged crime. The difficulty with such evidence is the potential misuse for purposes of propensity. Thus, care must be taken to examine the extrinsic evidence to determine whether: (1) such extrinsic evidence is relevant to an issue other than the defendant's character; (2) there is sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the probative value of the evidence is not substantially outweighed by undue or unfair prejudice.[3] *United States v. Matthews*, 431 F.3d 1296, 1310-1311 (11th Cir. 2005) (citing to *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc).

---

[1] Officers found Apartment B unoccupied, but later recovered various firearms and drug paraphernalia located within.

[2] The 1996 conviction for possession with intent to distribute marijuana involved a hand-to-hand transaction with an undercover officer. The 1998 conviction for possession with intent to distribute cocaine involved several hand-to-hand transactions with individuals approaching by foot. The 2000 conviction for possession with intent to distribute cocaine arose after Defendant was observed making sales and dropped plastic bags of powder cocaine and marijuana while fleeing law enforcement. (Defendant's Resp, p.8, 15.)

[3] Defendant stipulates to the second *Beechum* prong with regard to the prior convictions at issue. (Defendant's Resp, p.10.)

As to the first prong, the Court is persuaded by Judge Tjoflat's concurring opinion in *Mathews*, in which he noted that "it must first be determined what fact(s) [the prior convictions] are introduced to prove and whether they are relevant to such fact(s)." *Matthews*, 431 F.3d at 1316. Applying that standard, Judge Tjoflat subsequently expressed disagreement with the majority's conclusion that "the intent involved in a small scale drug transaction...is somehow probative of one's intention to conspire with others to commit a drug offense." *Id.* at 1313 (internal citations omitted). Here, Jones was convicted of three relatively minor distribution charges, each clearly demonstrating Defendant's knowledge and intention to carry out the *substantive offense*. The crime charged in the Superseding Indictment, however, necessitates Defendant's knowing and intentional agreement to form a *criminal partnership*. Thus, it cannot be said that the mental state necessary to possess and sell cocaine is equivalent to a specific intention to join with others in a criminal narcotics partnership. *See United States v. Roberts*, 619 F.2d 379, 382 (5th Cir. 1980) ("evidence that a defendant committed a substantive offense may justify the inference that he intended to do so, but it does not plainly support the conclusion that he agreed and planned with others to commit the crime").

Under the *Matthews* majority, however, Defendant's prior drug convictions are fully admissible as relevant to Defendant's intent and knowledge with regard to the charged conspiracy. *See Matthews,* 431 F.3d at 1311 ("[defendant's] 1991 arrest for distribution of cocaine was relevant to the intent at issue in the charged conspiracy to distribute cocaine"). While this Court will not disregard binding precedent, the disparity between Defendant's prior mental state with regard to the substantive offenses, as contrasted to the intention necessary to form a criminal partnership, is too significant to ignore. Therefore, in an effort to balance the countervailing interests presented by both the *Matthews* majority and Judge Tjoflat's well-reasoned concurrence, Defendant's 2000 drug conviction in the instant matter is relevant solely for the limited purpose of proving Defendant's knowledge and intent to engage in the *underlying offense* that was the object of the charged conspiracy, namely the distribution of crack cocaine. *Id.* at 1316 (within context of mere presence defense, prior substantive offenses relevant to defendant's intent to engage in the criminal

object of a charged conspiracy).

Notwithstanding their relevance, *none* of Defendant's prior drug convictions are admissible should their probative value be substantially outweighed by prejudicial effect. *Mathews*, 431 F.3d 1296, 1310-1311. Courts engaging the third *Beechum* prong often consider the factual similarity between the prior conviction and current charge, as well as their temporal relationship. *See id.* at 1311. Defendant's 2000 conviction, like the instant charge, involved the relatively small-scale distribution of cocaine at or around a residence. In addition, the approximate eight year temporal nexus, given Eleventh Circuit precedent, is not too remote to erode probative value.[4] *See United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (concluding that 15 year span did not render extrinsic acts too remote for proper consideration); *United States v. James*, 147 Fed. Appx. 76, 81 (11th Cir. 2005) (holding that prior drug conviction of 15 years not so remote that probative value was substantially outweighed by danger of unfair prejudice). Furthermore, as the facts of the 2000 drug conviction shall be admitted for the limited purpose stated above, the Court finds that admission of the 1996 and 1998 drug convictions would be unduly prejudicial and duplicative given the 10 to 12 year temporal nexus, as well as the absence of cocaine in the 1996 arrest.

## III. Defendant's Prior Firearm Convictions

Pursuant to Fed. R. Evid. 404(b), the Government also seeks to introduce two prior firearm convictions, both entered in 1996.[5] As to the first *Beechum* prong, the Government contends that such convictions are relevant to prove that Defendant knowingly and intentionally possessed the firearm, as well as to refute the proposition that law enforcement mistakenly attributed the weapon to him. In response, Defendant argues that the prior convictions involved actual possession cases, while the instant firearm charges are predicated on constructive possession. Thus, according to Defendant, the mental state

---

[4] Defendant's pre-sentence investigation report indicates that, in July 2002, he violated the terms of probation for this offense. Although the facts regarding the violation are unavailable, the temporal nexus is closer to 5 years.

[5] In both convictions, law enforcement conducted routine traffic stops on a vehicle operated or occupied by Defendant. In the November 1996 stop, officers discovered a firearm in Defendant's pocket. As to the December 1996 stop, officers discovered a firearm resting against Defendant's foot. (Defendant's Resp, p.8.)

necessary to exert actual possession over a firearm is not equivalent to the intent necessary to exert dominion or control over a firearm, as required in constructive possession cases. *See United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004) ("a defendant...has constructive possession if he has the power and intention to exercise dominion or control [over the firearm]").

Even assuming the relevance of such a distinction, Defendant's argument is undercut by the fact that the December 1996 conviction was predicated on constructive possession of a firearm. In contrast to the November 1996 conviction in which officers discovered a weapon inside Defendant's pocket, the December 1996 arrest arose from a firearm touching Defendant's foot, and resting on a vehicle's floor. *See e.g. Gunn*, 369 F.3d at 1234 (construction possession where gun found inside defendant's car, but not on his person). Thus, under the first *Beechum* prong, Defendant's prior constructive possession of a firearm clearly has some bearing on the issue of whether Defendant knowingly exerted constructive possession over the firearm located in Apartment A. *See United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003) (holding that a defendant's knowing possession of a firearm in an automobile on a previous occasion makes it more likely that he knowingly possessed a firearm in an automobile on a subsequent one).

As noted above, however, no conviction is admissible should probative value be substantially outweighed by prejudicial effect. *Matthews*, 431 F.3d at 1310-1311. Within this context, the prior firearm convictions and current charges share few factual similarities. Both prior convictions involved traffic stops and the subsequent discovery of a firearm on Defendant's person or within arm's reach in the vehicle's passenger compartment. The current charges, however, involve the discovery of a firearm under a common-room couch occupied by James Lewis, inside an apartment shared by multiple inhabitants.[6] (Defendant's Resp, p.2.) Such stark factual differences weigh in favor of exclusion. *See Matthews*, 431 F.3d at 1312 (noting that lack of similarity weighs in favor of exclusion).

More importantly, the temporal nexus between the prior convictions and current charges is

---

[6] In addition, Defendant's unrebutted Opposition indicates that Lewis placed the loaded firearm under the couch. The Opposition also states that there is no indication that Defendant was aware of the firearm's presence in Apartment A. (Defendant's Resp, p.3.)

approximately 12 years. While courts occasionally admit substantially remote firearm convictions, *see United States v. Gonzales*, 183 F.3d 1315, 1328 (11th Cir. 1999) (13 year old conviction admitted under 404(b)), 12 years is on the outer-edge of acceptable proximity. *See Matthews*, 431 F.3d at 1312 ("this panel may have decided the issue differently, particularly given the lack of similarity and the [eight year] period of time between the offenses..."). As such, and in conjunction with the significant factual disparities noted above, the prior firearm convictions pose a substantially greater risk of undue prejudice, in relation to probative value, that the Court is not confident a limiting instruction could cure. As the firearm convictions fail to satisfy the third *Beechum* prong, they must be excluded.

**IV. Conclusion**

Accordingly, for the reasons set forth above, it is hereby

ORDERED THAT

(1) Evidence of Defendant's 2000 drug conviction (Eleventh Judicial Circuit, Case No. F00-032505) shall be admitted, inclusive of all surrounding facts and circumstances thereto, for the sole and limited purpose of proving Defendant's knowledge and intent to engage in the *underlying offense* that is the object of the charged conspiracy, namely the distribution of crack cocaine. The limiting instruction is attached hereto as Exhibit A; and

(2) The remaining prior drug and firearm convictions shall be excluded for the reasons stated herein.

DONE AND ORDERED in Miami, this 25th day of April, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
All counsel of record

**EXHIBIT A**

**Rule 404(b) Limiting Instruction**

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on another occasion. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the Indictment. However, you may consider this evidence for another, very limited, purpose.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on another occasion to determine whether the Defendant had the state of mind, that is the knowledge and intent, necessary to commit the criminal object of the conspiracy charged in the Indictment.