UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20402-CR-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA

v.

VINCENT JONES,

        Defendant.
_____/

### ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Magistrate Judge O'Sullivan's Report and Recommendation [DE-91] denying Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant [DE-70]. In his Motion to Suppress, Defendant raised three arguments ultimately rejected by Magistrate Judge O'Sullivan: (1) the search warrant affidavit did not establish probable cause for the issuance of the search warrant; (2) the search warrant included false statements made knowingly or with reckless disregard for the truth, warranting a *Franks* hearing; and (3) material facts were intentionally omitted from the search warrant affidavit, also warranting a *Franks* hearing. Defendant filed a Notice of Appeal [DE-94] in response to the Report and Recommendation.[1]

As to the requested *Franks* hearing, and as correctly noted by Magistrate Judge O'Sullivan, Defendant has not made the requisite showing that the affiant deliberately or recklessly submitted a false statement, or proffered a statement made in reckless disregard for the truth. Nor has Defendant shown that the affiant recklessly or deliberately omitted material information from the search warrant. Furthermore, the Court agrees with Magistrate Judge O'Sullivan that the inconsistencies raised by Defendant, to the extent such inconsistencies exist, are insignificant and immaterial and should not invalidate the search warrant.

As to the probable cause issue, a magistrate must merely make a practical common sense decision of whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or

---

[1] The arguments raised in Defendant's Notice of Appeal are substantially similar to those expressed in the Motion to Suppress. The Parties stipulated to the facts, thus an evidentiary hearing was not necessary. Given the undisputed facts, the Magistrate correctly applied the law to those facts in reaching his legal conclusions.

evidence of a crime will be found in a particular place. See *Illinois v. Gates*, 462 U.S. 213, 236 (1983). The Court agrees that given the totality of the circumstances, there was sufficient probability that contraband would be found in Apartment A at the time the search warrant was issued. Accordingly, for the reasons stated above, it is hereby

ORDERED THAT the Report and Recommendation of Magistrate Judge O'Sullivan [DE-91] is AFFIRMED and ADOPTED, and Defendant's Motion to Suppress Evidence Seized Pursuant to Unlawful Search Warrant [DE-70] is DENIED.

DONE AND ORDERED in Miami, this 28th day of April, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
All counsel of record