UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20402-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VINCENT JONES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about March 8, 2011, court-appointed defense counsel A.J. Goodman ("Counsel") submitted a voucher application numbered FLS 07 2298 with appended time sheets requesting $6,934.40 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a brief, undated letter explaining the reason for the delay in the submission of her voucher to the Court. Counsel did not submit a letter of explanation in support of the voucher application itself.

Counsel represented Defendant Vincent Jones ("Defendant") for four (4) months from her appointment on May 10, 2007 until September 24, 2007. Counsel seeks $6,934.40 in her application. This amount, alone, does not exceed the then applicable $7,000.00 statutory maximum[1] allowed for representation in non-capital felony cases under the CJA. The amount of Counsel's CJA voucher exceeds the $7,000.00 statutory maximum when

---

[1] Although the CJA statutory maximum increased to $7,800.00 on October 13, 2008 (and subsequently increased twice since that date), the previous $7,000.00 statutory maximum applies to the instant voucher because the voucher includes all time incurred prior to October 13, 2008.

combined with the amount paid to prior counsel in this case, however. As a result, court approval is required. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 126]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974, 974 (11th Cir. 2001) (holding that "district courts [alone] are vested with discretion" to make fee determinations under the CJA.") In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that

the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### Counsel Submitted Her Voucher Four Years Later

Counsel was appointed May 10, 2007. **[See DE # 5]**. Counsel represented Defendant until September 24, 2007, when she was replaced by another lawyer. **[See DE # 28]**. The jury later found Defendant not guilty on May 5, 2008. **[See DE # 118]**. Counsel did not submit her voucher until March 8, 2011, nearly three years later. The Guidelines provide, in relevant part:

### § 230.13 Time Limits

> (a) Vouchers should be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. The clerks of the concerned courts should ensure that attorneys comply with the prescribed limits. Every effort should be made to have counsel submit the claim as soon as possible upon completion of services rendered.

By submitting her voucher more than three years after the final disposition of the case, Counsel must show good cause for the delay in submission of the voucher. When

Counsel filed the voucher, she included an undated letter explaining the reason for her delay in filing the voucher. Counsel wrote, in relevant part:

> I apologize for the delay in getting those into you in a timely fashion. As you may know, I closed my Miami office several years ago and am not currently actively practicing. In the process of moving out of the office, certain files were mistakenly packed up and were overlooked and thus not processed for billing. I am doing my best to rectify this and to close out all the billings as soon as possible.
>
> Again, my apologies and I am so sorry to inconvenience you and the Court.

I conclude that these statements amount to good cause. Counsel inadvertently failed to submit the voucher in a timely manner. Counsel explained the delay and has justified an exception to the 45 day time limit set forth in Section §230.13 of the Guidelines. I now consider the merits of the voucher.

### This Case Was Complex

Again, Counsel's CJA voucher, standing alone, does not exceed the applicable CJA maximum allowed for compensation in non-capital felony cases. Yet, because Counsel's fee request must be considered in tandem with the request of Defendant's subsequent lawyer, I must first conclude that this case involved "extended" or "complex" representation if I am to recommend an award in excess of the $7,000.00 CJA maximum. I find that this case was indeed complex, thus the traditional $7,000.00 cap is inapplicable.

First, this case involved very serious charges. This case commenced by Criminal Complaint **[DE # 1]** on May 1, 2007. The grand jury later issued an Indictment **[DE # 12]** on May 22, 2007 charging Defendant with two (2) counts. Thereafter, the grand jury returned a Superseding Indictment **[DE # 67]** that contained three counts. The government charged

Defendant with conspiracy to possess with intent to distribute cocaine base, possession of a firearm by a convicted felon and possession of a firearm to further a drug trafficking offense. Defendant faced a maximum term of life imprisonment for all three charges.

Second, this case was more complex than the average case because Defendant entered a plea of not guilty and proceeded to trial. The trial lasted for five days. Following the trial, the jury returned a verdict of not guilty as to Defendant. **[See DE # 118]**.

Third, although Counsel was representing Defendant before the Court, Defendant filed his own *pro se* filings with the Court **[See DE # 22 & 23]**. In these *pro se* filings, Defendant accused Counsel of rendering ineffective assistance by failing to file basic motions and by refusing to provide Defendant with materials necessary for him to assist in his own defense. **[See DE # 23]**. This eventually led to the Court's decision to appoint new counsel for Defendant in this case. **[See DE # 30]**.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $7,000.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel did not complete the CJA voucher worksheet. Rather, the CJA administrator was forced to dissect Counsel's time

sheets and input the necessary information on to the voucher form. Counsel is asked to fully complete the voucher form in the future so that she may aid the Court and the CJA administrator in the review of any voucher application.

The CJA administrator first determined that Counsel sought a total of 7.8 in-court hours in the voucher. The CJA administrator also determined that Counsel sought 66.2 out-of-court hours. Specifically, Counsel sought compensation for 32.0 hours for "Interviews and conferences" and 14.5 hours for "Obtaining and reviewing records." Counsel incurred 14.7 hours performing "Legal research and brief writing." Counsel also sought compensation for 5.0 hours for "Investigative and Other work." The CJA administrator concluded that the overall total amount documented by Counsel in the voucher was $6,934.40.

### In-Court Hours[2]

Counsel sought 7.8 in-court hours totaling $724.20. The CJA administrator did not adjust these figures. I approve the amount of $724.20 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought 66.2 out-of-court hours, totaling $6,210.20. Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. I recommend that the time listed for these entries below be reduced

:

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

| | | |
|---|---|---|
| 6/28/07 | Review file | 0.40 hours [reduce to 0.1 hour] |
| 7/23/07 | Reviewed file | 0.40 hours [reduce to 0.1 hour] |
| 9/13/07 | Rcvd and reviewed electronic correspondence | 0.20 hours [reduce to 0.1 hour] |

I recommend that the above entries be reduced (amounting to 0.7 hours for a total of $65.80) because the undersigned failed to provide specific information concerning the purpose of these entries. As a result, it is not possible for the Court to determine if these entries reflect an appropriate use of billable time.

Counsel also included some entries with respect to time spent with Defendant's family that are not compensable (problem entries are italicized):

| | | |
|---|---|---|
| 5/15/07 | Conference with investigator; *family members* | 1.50 hours [reduce to 0.8 hours] |
| 7/7/07 | Attempted meeting with client at FDC; *conference with family* | 2.50 hours [reduce to 0.5 hours] |
| 7/15/07 | Meeting with family re Plea | 1.20 hours [Eliminate] |

I recommend that the above entries be reduced or eliminated because the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court explains that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." As Counsel failed to provide any specific information concerning these entries, the undersigned must recommend that each of these

entries be considered "hand holding" that is not compensable under the CJA because it is not time which contributed to Defendant's defense. The total reduction for the 3.9 hours identified above is $365.20.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $5,779.20 for her out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $5,779.20 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

## CONCLUSION

I commend Counsel for her professionalism and willingness to take this appointment; the undersigned is appreciative of her efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I find that it is appropriate that reimbursement for all counsel involved in this case be allowed in excess of the CJA statutory maximum of $7,000.00. Based upon my review of the time sheets, the docket and filings in this case, I RECOMMEND that Counsel be paid $6,503.40 as fair and final compensation for her work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 19th day of July, 2011.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

    A.J. Goodman, Esq.
    Lucy Lara, CJA administrator